UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Patrick ROSALES,
Defendant-Appellant.

No. 79–1293.

United States Court of Appeals,
Ninth Circuit.

Oct. 18, 1979.

Marvin Stender, Stender & Stender, San Francisco, Cal., for defendant-appellant.

Sanford Svetcov, Chief Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and MERRILL, Circuit Judges, and HOFFMAN,* District Judge.

PER CURIAM:

Appellant stands convicted of selling and conspiring to sell cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On trial, a government agent was permitted to testify to statements made by the

* Honorable Walter E. Hoffman, Senior United States District Judge of the Eastern District of Virginia, sitting by designation.

one who sold him cocaine, one Del Prete who owned a bar in San Francisco. Del Prete was said to have described his source as an older man in his fifties, known as "Frank" or "Frankie," a merchant seaman who would be leaving shortly on a voyage, and who was from the Reno area. Each of these descriptions fits appellant. Two assignments of error are made respecting admission of this testimony.

▮ 1. That there was not sufficient independent evidence of a conspiracy. This issue was decided by this court against appellant on an earlier appeal. *United States v. Rosales,* 584 F.2d 870 (9th Cir. 1978). That holding is now law of the case. We decline to reconsider the question.

▮ 2. That since, on trial, Del Prete asserted his Fifth Amendment right not to take the stand, appellant was deprived of his constitutional right of confrontation. The test for determining whether the confrontation clause has been violated was set forth in *Dutton v. Evans,* 400 U.S. 74, 88–89, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), and has been discussed by this court in *United States v. Adams,* 446 F.2d 681 (9th Cir. 1971), and *United States v. Snow,* 521 F.2d 730 (9th Cir. 1975), *cert. denied,* 423 U.S. 1090, 96 S.Ct. 883, 47 L.Ed.2d 101 (1976).

In the *Adams* case we stated:

"The relevant factual inquiry is whether, under the circumstances, the unavailability of the declarant for cross-examination deprived the jury of a satisfactory basis for evaluating the truth of the extrajudicial declaration."

446 F.2d at 683.

In the *Snow* case we stated:

"The *Dutton* plurality opinion sets forth a number of factors which were indicative of reliability in that case: (1) the declaration contained no assertion of a past fact, and consequently carried a

warning to the jury against giving it undue weight; (2) the declarant had personal knowledge of the identity and role of participants in the crime; (3) the possibility that the declarant was relying upon faulty recollection was remote; and (4) the circumstances under which the statements were made did not provide reason to believe that the declarant had misrepresented the defendant's involvement in the crime. *Dutton v. Evans, supra,* 400 U.S. at 88–89, 91 S.Ct. 210."

521 F.2d at 734–35.

In this case the second, third and fourth criteria of reliability clearly are met. As to the first criterion, while Del Prete's assertions were clearly factual, and may have been of "past" facts,[1] the surrounding circumstances strongly reinforce Del Prete's identification of appellant.

The evidence dealt with two purchases of cocaine made at Del Prete's bar. On the first occasion Del Prete placed a call. An hour later he left the bar and entered a car registered to and driven by appellant. Five minutes later he returned to the bar and made delivery to the agent. On the second occasion appellant was present in the bar when the agent placed his order with Del Prete. Del Prete spoke with appellant and returned to report to the agent that there would be no problem. Appellant left the bar and returned in about twenty minutes. He and Del Prete went into the kitchen. Appellant then came back out to the bar; Del Prete called the agent to the kitchen and made delivery.

Thus, we conclude that the test articulated in *Dutton* and *Snow* was satisfied, and that the confrontation clause was not violated.

Judgment affirmed.

---

1. All facts are "past" in the sense that they refer to something which has already taken place; otherwise they are not facts but predictions. In any event, we do not find the factual nature of Del Prete's statements determinative. As in *Snow,* where the court found only the second and third factors of the *Dutton* test applicable but nonetheless concluded that the test had been satisfied, "the trier of fact was provided with a great deal of additional information which would support the view that the hearsay statements were trustworthy." *United States v. Snow, supra,* 521 F.2d at 735.